# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| CAROLINE MORGAN, | § | |
| | § | |
| V. | § | A-16-CV-1290-LY |
| | § | |
| FEDERAL BUREAU OF | § | |
| INVESTIGATION, et al. | | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:    THE HONORABLE LEE YEAKEL
        UNITED STATES DISTRICT JUDGE

Before the Court are Federal Defendants' Motion to Dismiss (Dkt. No. 7); Travis County's Motion to Dismiss (Dkt. No. 10); Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Dkt. No. 11); Plaintiff's Motion to Dismiss Notice of Removal (Dkt. No. 12); Plaintiff's Motion to Stay All Court Proceedings (Dkt. No. 13); Federal Defendants' Response to Motion to Dismiss Notice of Removal (Dkt. No. 14); and Federal Defendants' Response to Motion to Stay (Dkt. No. 15). The District Court referred the above motions to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(A), FED. R. CIV. P. 72, and Rule 1(c) of Appendix C of the Local Rules.

## I. GENERAL BACKGROUND

Plaintiff Caroline Morgan brings this action against the Federal Bureau of Investigation (FBI), Office of the Clerk for the U.S. District Court Western District of Texas, District Judge Sam Sparks, the United States Marshal Service, Office of the Clerk for the U.S. Court of Appeals Fifth Circuit, Circuit Judge Edith Brown Clement, Circuit Judge Edward C. Prado, Circuit Judge Leslie H. Southwick, Office of the Clerk for the Supreme Court of the United States (collectively Federal

Defendants), Travis County Clerk's Office, Travis County Sheriff, and the UPS Store #1671. Morgan originally filed this suit in Travis County to enjoin the defendants "from colluding against [Morgan] when she goes to file court documents, when she files court documents, when judgment is ruled on court documents, and when she receives court documents." Dkt. No. 1-1 at 10. Specifically, Morgan argues that she was "stalled in her security screening process by U.S. Marshals and Travis County Sheriff" and was "denied local court rules, Federal Rules of Civil Procedure, Federal Rules of Appellate Procedure, Supreme Court Rules, and Judicial rules" in violation of her rights. *Id.* at 10–11.

The FBI removed the case pursuant to 28 U.S.C. § 1442(a), and the Federal Defendants immediately moved to dismiss all claims. The Federal Defendants argue that this Court does not have jurisdiction over Morgan's claims, or in the alternative, that she has failed to state a claim upon which relief may be granted. Travis County likewise moves to dismiss all claims against the Sheriff and the County Clerk's office. Morgan filed a motion to dismiss the notice of removal by the FBI, but has not responded to either motion to dismiss.[1]

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) allows a party to assert lack of subject-matter jurisdiction as a defense to suit. Federal district courts are courts of limited jurisdiction, and may only exercise such jurisdiction as is expressly conferred by the Constitution and federal statutes. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal court properly dismisses a case for lack of subject matter jurisdiction when it lacks the statutory or constitutional

---

[1]Morgan also filed a motion to stay the case, arguing that her mail was tampered with and that she received the dismissal motions outside the time allowed to respond. Despite the passage of several months, Morgan has still not responded to the motions to dismiss.

power to adjudicate the case. *Home Builders Assn. of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied*, 536 U.S. 960 (2002). "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Id.* In ruling on a Rule 12(b)(1) motion, the court may consider any one of the following: (1) the complaint alone; (2) the complaint plus undisputed facts evidenced in the record; or (3) the complaint, undisputed facts, and the court's resolution of disputed facts. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008)

### III. ANALYSIS

Morgan seeks to enjoin the defendants from colluding to prevent her from exercising her constitutional rights. The defendants first allege that this Court does not have jurisdiction over Morgan's claims under the doctrine of derivative jurisdiction. Both the Federal Defendants and Travis County Defendants contend that they are immune from suit in Texas state courts. In the alternative, the defendants argue that Morgan has failed to state a claim upon which relief may be granted.

**A.     Federal Defendants**

The Federal Defendants move to dismiss Morgan's claims on the basis of the doctrine of derivative jurisdiction. This doctrine states that "when a case is removed from state to federal court, the jurisdiction of the federal court is derived from the state court's jurisdiction." *Lopez v. Sentrillon Corp.*, 749 F.3d 347, 350 (5th Cir. 2014); *see also Colonial Cty. Mutual Ins. Co. v. United States*, No. SA-15-CV-917, 2015 WL 7454698, *2 (W.D. Tex. Nov. 23, 2015); *Schlorff v. Dig. Eng'g &*

*Imaging, Inc.*, No. 16-11016, 2016 WL 6276882, *2 (E.D. La. Oct. 27, 2016).[2] In *Lopez*, the court found that because the United States had not waived sovereign immunity in state court for claims under the Federal Tort Claims Act, removal to federal court did not cure the state court's lack of subject matter jurisdiction. *Id.* at 351. Thus, even if the federal court would have had original jurisdiction over the claims, the district court's subject matter jurisdiction after removal is limited to that of the state court's. *Id.* at 350. While the doctrine of derivative jurisdiction no longer applies to removal under 28 U.S.C. § 1441, the Fifth Circuit still applies the doctrine to removal under Section 1442. *Id.* Here, the FBI removed this case pursuant to Section 1442(a), which allows for removal for any claims against a federal official or agency. 28 U.S.C. § 1442(a). Thus, this Court would not have jurisdiction over any claims that could not have been brought against the Federal Defendants in state court.

In her state court petition, Morgan requests injunctive relief against the Federal Defendants for a number of alleged actions. However, Morgan failed to identify a waiver of sovereign immunity for the relief sought in state court. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *cf. Lopez*, 749 F.3d at 351 (finding that even though the United States waived its sovereign immunity under the Federal Tort Claims Act, it granted exclusive jurisdiction to federal courts).[3] Accordingly, the

---

[2] *See also Palmer v. City Nat. Bank of W. Va.*, 498 F.3d 236, 245-46 (4th Cir. 2007) (applying the derivative jurisdiction doctrine to removals under Section 1442); *Cox v. U.S. Dep't of Agriculture*, 800 F.3d 1031, 1032 (9th Cir. 2015) (finding that "the district court was bound to dismiss the petition" on the basis of derivative jurisdiction).

[3] *See also Int'l Primate Protection League v. Administrators of Tulane Educ. Fund*, 500 U.S. 72, 85 (citing to *Larson v. Domestic & Foreign Commerce Corp.*, 337 U..S. 682, 693 (1949) for the proposition that "[t]he reason agencies were not being sued, of course, was that Congress had not consented to such suits [in state court] and the agencies were therefore shielded by sovereign

state court was without jurisdiction to hear Morgan's claims against the Federal Defendants. Under the derivative jurisdiction doctrine, therefore, this Court does not have jurisdiction over the removed claims.

**B.      Travis County Defendants**

Similarly, the Travis County Defendants are immune from suit. As stated above, a plaintiff may not assert any cause of action on removal over which the state court would not have jurisdiction. *Lopez*, 749 F.3d at 350. Under Texas law, "[p]olitical subdivisions of the state . . . are entitled to such immunity—referred to as governmental immunity—unless it has been waived." *Reata Construction Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006). For a political subdivision, such as a county, to waive its governmental immunity for injunctive relief, the cause of action must "fall within this ultra vires exception" and "not complain of a government officer's exercise of discretion, but rather must allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act." *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009). A government official acts ultra vires "if he exceeds the bounds of his granted authority or if his acts conflict with the law itself." *Houston Belt & Terminal Ry. Co. v. City of Houston*, 487 S.W.3d 154, 158 (Tex. 2016). On the other hand, ministerial acts are those "where the law prescribes and defines the duties to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment." *Sw. Bell Tel., L.P. v Emmett*, 459 S.W.3d 578, 587 (Tex. 2015).

---

immunity"); 2 FED. PROC., L. ED. § 2:266 *Waiver of Sovereign Immunity Where Equitable Rather than Money Damages Requested* (Dec. 2016) (noting that the waiver of sovereign immunity for equitable relief against the U.S. government does not apply in state court).

5

Here, Morgan alleges that the Travis County Defendants have engaged in actions that are clearly within the exercise of discretion granted to the officials, namely filing court documents and following screening procedures for persons entering the courthouse. Neither of these is so clearly prescribed by law so as to be ministerial in nature. Moreover, even if ministerial, Morgan has not alleged facts that would indicate that the officials acted ultra vires; in fact, Morgan solely alleges that the time stamp on a court document was incorrect, though later corrected, and that ten out of eleven times the security officials failed to identify her bike tool as a prohibited item. Thus, Morgan has not alleged any ultra vires actions that would waive governmental immunity. Travis County is therefore entitled to immunity in Texas state courts, which—under the doctrine of derivative jurisdiction—prevents this Court from exercising jurisdiction over these defendants.

## C. Failure to State a Claim[4]

Moreover, even if the Court had subject matter jurisdiction, the suit fails to state a claim upon which relief may be granted. A complaint lacks an arguable basis in fact and is factually frivolous when the allegations are fanciful, fantastic, and delusional or when they "rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992); *see Flores v. United States Attorney General*, 434 F. App'x 387, 388 (5th Cir. 2011) (finding that pro se plaintiff's fanciful and delusional claims should be dismissed as frivolous where plaintiff alleged that certain members of the federal government were "using advanced technology with direct signal to the

---

[4] UPS Store #1671 has not filed any responsive pleadings in the instant case. However, a court may *sua sponte* dismiss a claim under FED. R. CIV. P. 12(b)(6). *Whatley v. Coffin*, 496 F. App'x 414, 415 (5th Cir. 2012). Thus, the Court may dismiss the claims against UPS Store #1671 for the same reasons alleged by the other defendants.

6

satellite in outer space that has the capability of calculating a genetic code to inflict upon the petitioner").

Morgan's claims for injunctive relief are frivolous and should be dismissed. Morgan alleges that the defendants collectively violated her constitutional rights. However, she fails to ground any of her claims in the text of the Constitution. Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotations omitted). To state a claim under § 1983, a "plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States, and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Moore v. Willis Indep. Sch. Dist.*, 533 F.3d 871, 874 (5th Cir. 2000). Morgan merely describes a number of actions and the conclusorily alleges the actions violate her rights. Nowhere in her complaint does she indicate the Constitution rights she relies upon.

Assuming *arguendo* that Morgan provided a textual basis for her claims, her allegations do not rise above the "level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 32-33. Below is a sample of just a few of Morgan's allegations against the defendants:

- "Def. FBI colluded with the U.S. Dist. Court W.D. TX Clerk's Office and Hon. Sam Sparks to rush this Order through file stamped 6/30/16, postmarked 7/2/16 so that when Plaintiff landed in New Orleans on July 5th and filed her 5th Cir. Emergency Petition for Writ of Mandamus against the FBI, the FBI wouldn't look so bad to the Circuit Court." Dkt. No. 1-1 at 12–13.

- "Def. FBI colluded with their U.S. Attorney to manipulate the court timeline and then colluded with the US Dist. Court W.D. TX Clerk's Office to speak against their duty. And then colluded with Hon. Sam Sparks and Honorables Clement, Prado, and Southwick to deny Plaintiff the information she sought." *Id.* at 15.

- "Def. FBI began intermittingly [sic] manipulating the date stamp at Travis County Clerk's Office on her documents starting 10/14/16 . . . . They manipulated the court time, stole her

- computer log paper, and erased all usage of the computer at UT PCL library this day and any 10/14/16 email usage." *Id.* at 17.

- "Def. FBI colluded with Travis County Sheriff to not allow Plaintiff to bring in her bike tools, even though they were allowed all other 10 times prior. Which caused her bike tools to be stolen from outside the vestibule entrance of the courthouse. And even though all 4 times she went through screening at the courthouse on 11/1/16 she had a regular size can opener with a sharp pointed end that she was allowed to bring in." *Id.*

- "Since 7/5/16 filing Plaintiff has been repeatedly drugged, denied medical care for her druggings, had the inside of her elbows chemically burned, has been denied money, has been denied food, has been denied showers, has been denied mail, has had rocks and lice thrown at her head while she was riding her bike, has been repeatedly given super lice, has had her bike damaged everyday, has been discriminated against, etc. And now her mail has all together stopped because the FBI is pissed over her last court filing on 11/7/16." *Id.* at 20.

- "Def. FBI was colluding with 5th Cir. Clerk's Office in every way possible to keep 9/13/16 Brief from being received, to not being docketed, to being insufficient, to being insufficient again, to finally accepting it after she told on them in Travis County Court." *Id.* at 23–24.

- "Def. FBI colluded with the Clerk of Court Supreme Court of the US to in totality send back Plaintiff's Emergency Petition for Writ of Mandamus . . . ." *Id.* at 28.

While Morgan goes on to provide surprising detail to support these allegations, these claims are clearly fanciful, fantastic, and delusional. *See also Morgan v. Unknown FBI Agents*, 1:16-CV-0495-SS, at 4 (W.D. Tex. May 3, 2016) (finding that Morgan's similar claims were "paranoid and delusional"). Therefore, Morgan's claims for injunctive relief against the defendants should be dismissed.

**D.    Motion to Dismiss Notice of Removal**

Finally, Morgan filed a motion to dismiss the FBI's notice of removal. Dkt. No. 12. It is unclear what relief Morgan is requesting in this motion. However, the Court assumes that Morgan moves to remand the case once again to state court. 28 U.S.C. § 1442(a)(1) provides that a case may be removed when "[a] civil action . . . is commenced in a State court and that is against or directed

8

to . . . [t]he United States or any agency thereof or any officer . . . of the United States." Here, Morgan filed claims against the FBI and a number of federal officials; as such, the suit was properly removed. In fact, Morgan's sole argument is that the notice of removal was not uploaded on Travis County Clerk's records until December 13, 2016—when the notice of removal was filed six days earlier. Dkt. No. 12 at 1. However, Travis County's alleged failure to upload the document for six days does not invalidate an otherwise appropriate removal. Morgan's argument therefore fails.

## IV. RECOMMENDATION

In accordance with the foregoing discussion, the Court **RECOMMENDS** that the District Court **GRANT** Federal Defendants' Motion to Dismiss (Dkt. No. 7) and Travis County's Motion to Dismiss (Dkt. No. 10), and **RECOMMENDS** that the the claims against all defendants be **DISMISSED FOR LACK OF JURISDICTION**. The Court **FURTHER RECOMMENDS** that the District Court **DENY** Plaintiff's Motion to Dismiss Notice of Removal (Dkt. No. 12). Finally, in light of the above-discussion the Court **RECOMMENDS** that the District Court **DENY AS MOOT** all remaining motions. (Dkt. Nos. 11 and 13).

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and

9

recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153 (1985); *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-1429 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 10th day of April, 2017.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE